UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK NA,<br><br>    Plaintiff,<br><br>v.<br><br>EQUAAN D SMITH, et al.,<br><br>    Defendants. | Case No. 3:24-cv-03344- JSC<br><br>**ORDER TO SHOW CAUSE TO DEFENDANT AS TO WHY ACTION SHOULD NOT BE REMANDED** |

This case arises out of years of litigation following Plaintiff Wells Fargo's foreclosure of a home owned by Defendants. This is the third time Defendants have removed this matter from the Alameda County Superior Court seeking to prevent the state court from ruling on a pending motion. *See* Case Nos. 23-3090, 23-6135. On each occasion the Court has remanded the action to state court for lack of subject matter jurisdiction. *See* Case No. 23-3090, Dkt. No. 29; Case No. 23-6135, Dkt. No. 30. On the last occasion, the Court ordered Defendant Robinson to show cause as to why he should not be prohibited from removing the case again. *See* Case No. 23-6135, Dkt. No. 30 at 5-6. The underlying Notice of Removal was filed by Defendant Smith, rather than Defendant Robinson. (Dkt. No. 1.) Defendant Smith is ORDERED TO SHOW CAUSE as to why this action should not be remanded to state court and why the Court should not enter an order prohibiting her from removing the underlying state court case again absent prior approval.

"Under 28 U.S.C. § 1441, a defendant may generally remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the action been originally filed in that court." *Roth v. CHA Hollywood Med. Ctr.*, L.P., 720 F.3d 1121, 1124 (9th Cir. 2013). A removing defendant bears the burden of establishing federal jurisdiction. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). As courts of limited

jurisdiction, federal district courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

Defendant Smith's Notice of Removal invokes federal question jurisdiction.  (Dkt. No. 1 at 4.)  District courts have original jurisdiction over cases where a "federal question" is present, which occurs if a plaintiff's original cause of action arises under federal law. 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). It does not appear federal question jurisdiction exists here as Defendant Smith alleges the basis for removal is Plaintiffs "unlawful debt reporting and/or collection activity" in violation of the Federal Debt Collection Practices Act (FDCPA).  (Dkt. No. 1 at 2.)  "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, (1983) ("a case may not be removed to federal court on the basis of a federal defense.").

Accordingly, Defendant Smith is ORDERED TO SHOW CAUSE as to (1) why this action should not be remanded to the Alameda County Superior Court; and (2) why she should not be barred from filing further removals of the underlying state court action absent prior federal court approval. See *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  **Defendant Smith shall respond to this Order in writing by August 9, 2024.**  Any response by Wells Fargo shall be filed by August 23, 2024.

**IT IS SO ORDERED.**

Dated:  July 19, 2024

JACQUELINE SCOTT CORLEY
United States District Judge