UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK NA,<br><br>Plaintiff,<br><br>v.<br><br>EQUAAN D SMITH, et al.,<br><br>Defendants. | Case No. 3:24-cv-03344-JSC<br><br>**ORDER REMANDING TO STATE COURT**<br><br>Re: Dkt. No. 17 |

This case arises out of years of litigation following Plaintiff Wells Fargo's foreclosure of a home owned by Defendants. This is the third time Defendants have removed this matter from the Alameda County Superior Court seeking to prevent the state court from ruling on a pending motion. *See* Case Nos. 23-3090, 23-6135. On each occasion the Court has remanded the action to state court for lack of subject matter jurisdiction. *See* Case No. 23-3090, Dkt. No. 29; Case No. 23-6135, Dkt. No. 30. On the last occasion, the Court ordered Defendant Robinson to show cause as to why he should not be prohibited from removing the case again. *See* Case No. 23-6135, Dkt. No. 30 at 5-6. The underlying Notice of Removal was filed by Defendant Smith, rather than Defendant Robinson. (Dkt. No. 1.[1]) On July 9, 2024, the Court ordered Defendant Smith to show cause as to why this action should not be remanded for lack of subject matter jurisdiction. (Dkt. No. 17.) Defendant Smith timely filed a response to the Order to Show Cause (Dkt. No. 18), but her response fails to demonstrate the Court has subject matter jurisdiction and this action is therefore REMANDED to the Alameda County Superior Court.

//

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

**DISCUSSION**

"Under 28 U.S.C. § 1441, a defendant may generally remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the action been originally filed in that court." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). A removing defendant bears the burden of establishing federal jurisdiction. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). As courts of limited jurisdiction, federal district courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

Defendant Smith's Notice of Removal invokes federal question jurisdiction. (Dkt. No. 1 at 4.) Specifically, she alleges Plaintiff's "unlawful debt reporting and/or collection activity" violates the Federal Debt Collection Practices Act (FDCP). (*Id.* at 2.) District courts have original jurisdiction over cases where a "federal question" is present, which occurs if a plaintiff's original cause of action arises under federal law. 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hansen v. Grp. Health Corp.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, (1983) ("a case may not be removed to federal court on the basis of a federal defense.").

In response to the Order to Show Cause, Defendant Smith contends there are multiple bases for federal jurisdiction here: (1) diversity jurisdiction; (2) Wells Fargo's claims are "substantively defective" and "preempted by the Home Owners' Loan Act"; and (3) Wells Fargo's "illegal or unfair credit (debt reporting)." (Dkt. No. 18 at 1-2.) None of these bases are availing.

First, Defendant Smith's request to amend her Notice of Removal to allege additional jurisdictional bases is untimely. The Notice of Removal was filed June 4, 2024 and Plaintiff's response to the Order to Show Cause asserting additional bases for removal was filed 66 days

1 later.  The Notice of Removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period." *O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988).  "However, a defendant may amend the Notice of Removal after the thirty-day window has closed to correct a 'defective allegation of jurisdiction.'" *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting 28 U.S.C. § 1653; citing 16 Moore's Federal Practice § 107.30[2][a][iv] ("Amendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction.")).  In *ARCO*, the Ninth Circuit concluded amendment of the notice of removal to add jurisdictional bases for removal under "the supplemental jurisdiction statute or the All Writs Act" after the 30-day period was improper because such an amendment was "more than a correction of a "defective allegation of jurisdiction" permissible under 28 U.S.C. § 1653." *Id*. at 1117.  So too here.  Defendant Smith's proposed amendment to add additional bases for jurisdiction is more than a correction of a defective allegation of jurisdiction.

Second, the basis for jurisdiction in the Notice of Removal—Defendant Smith's assertion of federal question jurisdiction based on Plaintiff's alleged violation of the FDCPA—does not establish federal subject matter jurisdiction here.  "Federal jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan v. First Affiliated Sec., Inc*., 813 F.2d 1368, 1371 (9th Cir. 1987).

This action thus must be remanded to the Alameda County Superior Court for lack of subject matter jurisdiction.  The Court's denial of Defendant Smith's request to amend the Notice of Removal as untimely should not be viewed as an invitation to file a new notice of removal asserting these additional bases for removal.  First, the Court's review of the record reveals no basis for federal subject matter jurisdiction.  Second, Defendant Smith and her Co-Defendant Robinson's serial removals of this state court action risks entry of a vexatious litigant order.  *See Weissman v. Quail Lodge, Inc*., 179 F.3d 1194, 1197 (9th Cir. 1999); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  Defendant Robinson has already been warned of this possibility based on his successive removals.  *See* Case No. 23-6135, Dkt. No. 30 at 5-6.  While this is

3

Defendant Smith's first removal, should she similarly engage in successive removals of this action without a good faith basis for alleging subject matter jurisdiction, the Court may utilize its inherent power to file "restrictive pre-filing orders" enjoining vexatious litigants "with abusive and lengthy histories of litigation" from filing further actions or papers. *Weissman*, 179 F.3d at 1197.

## CONCLUSION

For the reasons stated above, this matter is REMANDED to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated:  August 20, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge